## Everett Estate

*High, Swartz, Childs & Roberts*, for accountants.

TAXIS, P. J., MAY 8, 1958.—The account shows a balance of principal for distribution of $264,459.31 . . .

The reason or purpose of the filing of the account now before the court is the death of Rose Mary Everett, the settlor. She died on March 9, 1957. . .

Paragraph 10 of the petition for adjudication raises a question concerning the apportionment of transfer inheritance taxes. As noted, settlor died on March 9,

1957, leaving a will dated February 14, 1953, in which she bequeathed several substantial pecuniary legacies. In paragraph tenth of her will settlor directed that all inheritance taxes were to be paid from the residue of her testamentary estate. However the bulk of settlor's estate had been transferred by inter vivos deeds to the present inter vivos trust and there are at present insufficient assets in her testamentary estate to pay both the administration expenses and the pecuniary legacies. Accordingly there is no residue in the testamentary estate available for the payment of taxes, and the tax clause is rendered nugatory.

On July 11, 1932, settlor executed the present inter vivos deed of trust and amended same on February 14, 1953, the date of execution of the will, to read as follows:

"II. The principal of the trust shall be held by the trustees:

"(c) upon the death of the Settlor so much of the principal shall be paid and distributed directly to the persons and entities entitled to receive the same, as may be required to pay: (i) all estate taxes and death duties due the United States of America, the Commonwealth of Pennsylvania, the City of Philadelphia, or any other taxing authority incident to and because of the death of the Settlor. (ii) all indebtedness of the Settlor, including the expense of the administration of her estate. (iii) all gifts and bequests by the Settlor in her last Will and Testament, provided, however, that this shall not apply to any residuary gift or bequest provided, however, that the gross estate of the Settlor shall first be applied in payment of the aforesaid items to the extent available."

A relatively small amount of settlor's estate passed under the terms of the will, the bulk of the assets having been consigned to the inter vivos trust. Accordingly most of the pecuniary legacies mentioned in the

will of testatrix totaling $49,000 must be paid from the corpus of this inter vivos trust estate pursuant to article II(c)(iii) above. The direction in article II (c)(i) to pay all duties due the Commonwealth of Pennsylvania from principal of the inter vivos trust incident to and because of the death of settlor is clear and controlling in this situation. The 1953 amendment to the deed of trust and the will of decedent obviously are integral parts of settlor's estate plan. Both instruments were executed contemporaneously and contain a clear expression of settlor's intent. Cf. Cunningham Estate, 8 Lawrence 223, and Reed's Estate, 58 Montg. 148 (1942). Accordingly it is hereby directed that the Pennsylvania transfer inheritance taxes be paid from the principal of this inter vivos trust, and the specific and pecuniary legacies contained in the will of settlor be distributed in full without diminution. . .

And now, May 8, 1958, this adjudication is confirmed nisi.